MAY, C.J.
A son, individually and on behalf of his siblings, appeals a trial court order denying a Motion for Judgment on the Pleadings in a probate matter. He argues the trial court erred in denying the motion because certain life insurance proceeds should inure to the children of the deceased as a matter of law. After reviewing the order and record, we find that we lack jurisdiction because the order appealed from is neither a final nor an appeal-able, non-final order. We dismiss the appeal.
The son’s father died testate. The stepmother, who was designated as the Personal Representative, did not believe it was necessary to commence a probate proceeding. The children collectively filed a Petition for Intestate Administration. The step-mother objected to the intestacy petition, and submitted the decedent’s will for probate. She then filed a Petition for Administration. The trial court granted the petition and appointed the step-mother as Personal Representative.
Among other assets, the decedent left four life insurance policies. The natural children were named as beneficiaries in one policy. However, the policy at issue did not specifically designate a beneficiary. Under the terms of that policy, if no individual is designated as its beneficiary, then the owner of the policy — the decedent— becomes the beneficiary.
In an affidavit, the step-mother stated that, “[the decedent] told me that he knew his kids would try to make my life impossible. He stated that that [sic] he had one insurance policy for his children, for which they have already collected the proceeds.” In another affidavit, the decedent’s only daughter attested that the decedent had told her he designated his natural children as beneficiaries of life insurance proceeds. The son also attested that the decedent had told him that he and his siblings would receive enough money from two insurance policies to be able to give each of them some financial security. The decedent’s first spouse and mother of the natural children attested that when she and the decedent divorced, part of the marital settlement agreement included a provision obligating the decedent to create a life insurance policy for the natural children.
Clause VIII of the will addressed the insurance policies and explained how they were to be distributed:
I direct that all insurance proceeds collected from the following insurance companies, be distributed as per my established beneficiaries and survivors:
Provident Life and Accident Policy
Metropolitan Insurance (two policies)
AAA Insurance Policy
The natural children then filed four adversary petitions against the step-mother. The relevant petitions asked to: (1) determine beneficiaries; and (2) partition personal property for distribution. The son supported his petitions with a memorandum of law; the step-mother later filed a *1182 response and an opposing memorandum of law.
The son then filed a Motion for Judgment on the Pleadings. After hearing argument, the trial court concluded:
I don’t wanna say that everything is written in stone, so therefore, I’m somehow predisposed to a particular outcome. But with regard to the argument, I’m going to deny the Motion. I know I like to rule from the bench, but I can’t imagine if I had an hour ... the more certain I am ... that ... it’s not something that I can ... grant a Motion for Judgment on the Pleadings.
The trial court denied the motion. The son, individually and on behalf of his siblings, appeals that order.
The son argues that, because the policy did not name a beneficiary, its proceeds should pass through intestacy. As such, the son maintains that the trial court should have granted his Motion for Judgment on the Pleadings and partitioned the proceeds, and the denial of the motion amounted to a ruling on the merits. The step-mother responds that the son was not entitled to a judgment as a matter of law. She asserts there is no reason for the proceeds to pass through intestacy because the decedent designated himself as the beneficiary under the express terms of the policy, and such a designation is permitted under section 222.18(1), Florida Statutes (2010).
We have previously held that we have no jurisdiction to review an order denying a motion for judgment on the pleadings. Zaremba v. Harbison, 462 So.2d 80, 81 (Fla. 4th DCA 1985). The trial court’s work is not at an end. Although the son views the trial court’s order as definitive, the order simply says “denied.” As the trial court explained at the hearing, it did not believe it could rule on the issue as a matter of law. We therefore dismiss the appeal.[1]

Dismissed.

STEVENSON and LEVINE, JJ., concur.

. We note that the motions panel denied a motion to dismiss for lack of jurisdiction. It is sometimes impossible to determine the jurisdictional issue without the benefit of the full record on appeal.